UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | NO.: 3:CR-09-247 |
| | : | |
| ROBERT K. MERICLE, | : | |
| | : | (Kosik, J.) |
| Defendant. | : | |

GOVERNMENT'S MOTION FOR A HEARING TO DETERMINE WHETHER THE "CONSENT MOTION TO AMEND PLEA AGREEMENT" RESULTED IN A MODIFICATION OF THE PLEA AGREEMENT AND FOR A HEARING TO DETERMINE WHETHER THE DEFENDANT HAS BREACHED THE PLEA AGREEMENT

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorneys, and moves the Court as follows:

First, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the government moves the Court to conduct a hearing to determine whether the "Consent Motion to Amend Plea Agreement" filed in the above-captioned matter on January 21, 2011 is a valid modification of the plea agreement.

Second, pursuant to paragraphs 23 and 33 of the plea agreement, the government moves the court to hold a hearing to determine whether

the defendant has breached the plea agreement and committed new crimes while awaiting sentencing.

   A. Background to this Motion

On September 2, 2009, Defendant Robert Mericle entered a guilty plea pursuant to a written plea agreement. On January 21, 2011, the parties filed with the court a "Consent Motion to Amend Plea Agreement," which permits the government to argue at sentencing that the defendant's offense level should be increased by two levels pursuant to U.S.S.G. § 3C1.1, and to argue at sentencing that the defendant should not receive a reduction in his offense level for acceptance of responsibility. (Doc. 19.) Defendant Robert Mericle is presently scheduled for sentencing on February 26, 2014.

   B. Hearing on Consent Motion to Amend Plea Agreement

The parties have filed a "Consent Motion to Amend Plea Agreement" in this case. The Court has not yet held a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure to determine whether the consent motion is a valid modification of the plea agreement. Such a hearing is required to insure the defendant is not deprived of rights as articulated in Rule 11. United States v. Floyd, 1

F.3d 867, 870-71 (9th Cir. 1993) (judgment of district court vacated and remanded since district court did not hold Rule 11 hearing to determine whether post-guilty plea modification to plea agreement was valid). Thus, the government moves the Court to hold such a hearing.

    C. <u>Hearing to Determine Whether the Defendant Has Breached the Plea Agreement</u>

The government believes the defendant has failed to fulfill the obligations under his plea agreement and has thus breached the agreement.

As contemplated by the plea agreement, the government wishes to be free at sentencing to "bring to the Court's attention…any failure by the defendant to fulfill any obligation under this agreement." <u>See</u> Plea Agreement, paragraph 18. The government also wishes to "be free to use at sentencing in this case…statements and evidence provided by the defendant during the cooperation phase of the agreement" to assist the Court in determining the applicable guideline range. <u>See</u> Plea Agreement, paragraph 21. <u>See</u> <u>also</u> Plea Agreement, paragraph 24(c).

As contemplated by paragraphs 24(b) and 33, in light of the defendant's breach of the plea agreement, the government also wishes

to be free to make any recommendations to the Court regarding sentencing in this case.

The plea agreement provides that "[w]hether or not the defendant has completely fulfilled all of the obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence." See Plea Agreement, paragraph 23.

The plea agreement also provides that "if the government receives information that the defendant has committed new crimes while awaiting plea and/or sentencing in this case, the government may petition the Court, and if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: A) withdraw from this agreement, or B) make any sentencing recommendations to the Court that it deems appropriate." See Plea Agreement, paragraph 33.

Accordingly, consistent with paragraphs 14(d), 18, 23, 24(b) and (c) and 33 of the plea agreement, and consistent with Section 1B1.8 of the United States Sentencing Commission Guidelines, the government hereby petitions the Court to conduct a hearing to determine whether or not the defendant has completely fulfilled all of the obligations under the plea agreement, to determine whether the defendant has committed new crimes while awaiting sentencing in this case, and to determine whether the government may introduce at sentencing statements and evidence provided by the defendant during the cooperation phase of the agreement.

The defense concurs only that a colloquy under Rule 11(b) is required with respect to the Consent Motion. The defense does not concur with respect to any other aspect of the government's motion.

Respectfully submitted,

PETER J. SMITH
United States Attorney

/s/ Gordon A.D. Zubrod
/s/ Michael A. Consiglio
/s William S. Houser

GORDON A.D. ZUBROD
MICHAEL A. CONSIGLIO
WILLIAM S. HOUSER
Assistant U.S. Attorneys
Office of the U.S. Attorney
Room 311
William J. Nealon Federal Building
Scranton, PA 18503
570-348-2800

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | NO.: 3:CR-09-247 |
| | : | |
| ROBERT K. MERICLE, | : | |
| | : | (Kosik, J.) |
| Defendant. | : | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 29th day of January 2014, she served a copy of the:

**GOVERNMENT'S MOTION FOR A HEARING TO DETERMINE WHETHER THE "CONSENT MOTION TO AMEND PLEA AGREEMENT" RESULTED IN A MODIFICATION OF THE PLEA AGREEMENT AND FOR A HEARING TO DETERMINE WHETHER THE DEFENDANT HAS BREACHED THE PLEA AGREEMENT**

by electronic means by sending a copy to the following e-mail addresses:

Addressee:
William J. Winning, Esq.            Daniel T. Brier, Esq.
wwinning@cozen.com                   dbrier@mbklaw.com

Patrick A. Casey, Esq.               Paul J. Walker, Esq.
pcasey@mbklaw.com                    walpjw@aol.com

/s/ Mary Zerance
Mary Zerance
Legal Assistant