IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:09-247 |
| v. | Judge Kosik |
| ROBERT K. MERICLE | |

## SUPERSEDING CONSENT MOTION TO AMEND PLEA AGREEMENT

COMES NOW, the United States of America and defendant Robert K. Mericle, by their respective undersigned counsel, and hereby jointly move the Court to amend the plea agreement in the above-captioned matter (Dkt. No. 3). The parties jointly withdraw the Consent Motion to Amend Plea Agreement filed with the Court on January 27, 2011 (Dkt. No. 19). The instant Superseding Consent Motion fully supersedes and replaces Docket No. 19, by replacing the amendments requested in Docket No. 19 with the following amendments to the plea agreement (Dkt. No. 3):

1. Paragraph 9 of the plea agreement is deleted in its entirety. Paragraph 9 shall be left intentionally blank. For ease of reference, the paragraph numbers of the plea agreement will not be changed by the deletion of Paragraph 9.

2. The existing language in Paragraph 10 of the plea agreement is deleted in its entirety. In place of the deleted language, the following language is inserted in Paragraph 10:

> "Specific Sentencing Guidelines Recommendations. With respect to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows:

The initial offense Level is 20: Tax loss in excess of $200,000 but less than $400,000 (Level 18); applying an additional 2 levels for the use of sophisticated means (Level 20); subtracting 9 levels under the guidelines for 18 U.S.C. § 4, making for an offense level of 11 (Criminal History Category I), before the application of any downward departures or adjustments (discussed immediately below). The parties further agree as follows:

(i) the United States Attorney's office will file a motion seeking a downward departure under USSG § 5K1.1 of at least one level based on the defendant's substantial assistance to authorities; defendant reserves the right to request that the Court grant a larger downward departure based on his substantial assistance to authorities, and the government reserves the right to argue against further reduction; and

(ii) the parties will recommend that there will not be any downward adjustment of the offense level for acceptance of responsibility, and the parties will recommend that there will not be any enhancements to, upward adjustments of, or upward departures from the offense level in calculating the applicable Sentencing Guideline range; and

(iii) the defendant will seek a downward departure under the Sentencing Guidelines and/or applicable case law, based on, *inter alia*, his substantial and extraordinary service to and good works within the community; the government reserves the right to argue against such a departure.

At the time of sentencing, after all downward adjustments and/or departures are considered by the Court, the United States will recommend that the Court impose the minimum sentence within the applicable, ultimate guideline range. In addition, it is understood that the defendant may seek a variance from the Guidelines under 18 U.S.C. § 3553(a)."

3. The following is added to Paragraph 11 of the plea agreement as the first sentences of Paragraph 11 (the remainder of Paragraph 11 remains as written in the original plea agreement and shall follow these two new sentences):

"It is understood that defendant may request that the Court permit any sentence to be served as a term of probation, home detention, or other alternative to imprisonment. The United States agrees that it will take no position on this issue, leaving the determination of the nature of any sentence to the Court."

4. Paragraph 13 of the plea agreement is deleted in its entirety. Paragraph 13 shall be left intentionally blank. For ease of reference, the paragraph numbers of the plea agreement will not be changed by the deletion of Paragraph 13.

5. The following sentence is added at the conclusion of both Paragraphs 15 and 18 of the plea agreement:

"No information covered by the immunity provision of this plea agreement (Paragraph 14) shall be used against defendant in determining the appropriate Sentencing Guidelines range; however, the parties agree that, as specified in Paragraph 14 and USSG § 1B1.8 and subject to those limitations, such information may be considered by the Court when determining the departure motion pursuant to USSG § 5K1.1."

6. The cross-reference to "Paragraph 12" in the eighth sentence of Paragraph 21 of the plea agreement was a typographical error. The eighth sentence of Paragraph 21 of the

original plea agreement is therefore amended to cross-reference "Paragraph 14" of the plea agreement, not "Paragraph 12."

7. A new paragraph (Paragraph 38) is added to the plea agreement. Paragraph 38 provides as follows:

"Notwithstanding any other provision of this agreement, the United States agrees that it will not seek to declare any breach of the plea agreement, withdraw from any of its obligations under the plea agreement, take any position at sentencing that is inconsistent with the specific recommendations in Paragraph 10 of this agreement [as such Paragraph 10 has been revised by this Superseding Consent Motion], or prosecute defendant for any other conduct of which the Government has knowledge or reasonably should have knowledge as of the date of this Superseding Consent Motion."

WHEREFORE, the United States and the defendant agree to the above specified terms and move the Court to hold a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure to amend the plea agreement as specified in this superseding consent motion to amend the plea agreement.

Respectfully submitted,

PETER J. SMITH
UNITED STATES ATTORNEY

_____  BY: _____
Robert K. Mericle                    Michael A. Consiglio
Defendant                            Gordon A.D. Zubrod
                                     William S. Houser
                                     Assistant U.S. Attorneys


_____
David M. Zinn
Marcie R. Ziegler
WILLIAMS & CONNOLLY LLP

*Attorneys for Defendant Robert K. Mericle*


_____
William J. Winning
COZEN O'CONNOR, LLP

*Attorney for Defendant Robert K. Mericle*


Dated: February 24, 2014

Respectfully submitted,

PETER J. SMITH
UNITED STATES ATTORNEY

BY:

_____
Robert K. Mericle
Defendant

Michael A. Consiglio
Gordon A.D. Zubrod
William S. Houser
Assistant U.S. Attorneys

_____
David M. Zinn
Marcie R. Ziegler
WILLIAMS & CONNOLLY LLP

*Attorneys for Defendant Robert K. Mericle*

_____
William J. Winning
COZEN O'CONNOR, LLP

*Attorney for Defendant Robert K. Mericle*

Dated: February 24, 2014

Respectfully submitted,

PETER J. SMITH
UNITED STATES ATTORNEY

BY: _____

_____　　　Michael A. Consiglio
Robert K. Mericle　　　　　　　　　Gordon A.D. Zubrod
Defendant　　　　　　　　　　　　　William S. Houser
　　　　　　　　　　　　　　　　　　Assistant U.S. Attorneys

_____
David M. Zinn
Marcie R. Ziegler
WILLIAMS & CONNOLLY LLP

*Attorneys for Defendant Robert K. Mericle*

_____
William J. Winning
COZEN O'CONNOR, LLP

*Attorney for Defendant Robert K. Mericle*

Dated: February 24, 2014