UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

United States of America,   )
         Plaintiff          )
                            )
         VS.                )     CASE NO. 3:09-CR-00247
                            )
                            )
Robert K. Mericle,          )
                            )
         Defendant          )
_____ )


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE EDWIN M. KOSIK
WEDNESDAY, FEBRUARY 26, 2014, 10:00 A.M.
SCRANTON, PENNSYLVANIA

FOR THE PLAINTIFF:

     Michael A. Consiglio, AUSA
     Gordon A. Zubrod, AUSA
     U.S. Attorney's Office
     228 Walnut Street
     Harrisburg, PA  17108

FOR THE DEFENDANT:

     David Zinn, Esq.
     Williams & Connolly, LLP
     725 12th Street, N.W.
     Washington, D.C. 2005

     Paul J. Walker, Esq.
     205-207 N. Washington Avenue
     Suite C
     Scranton, PA 18503

DIANA GILBRIDE, RMR, FCRR
FEDERAL OFFICIAL COURT REPORTER
P.O. BOX G
SCRANTON, PA 18501-0090

1                    (10:00 a.m., convene.)

2          THE COURT:  Okay.  Good morning.

3          MR. CONSIGLIO:  Good morning.

4          MR. ZINN:  Good morning.

5          THE COURT:  I just want to note for the record,

6   initially we scheduled this matter because the government filed

7   a motion for a hearing to determine whether the consent motion

8   to amend the plea agreement resulted in modifications, and also

9   to determine whether the defendant has breached the plea

10  agreement.

11         In addition, we filed a memo indicating that because

12  we have requests to examine any letters that have been offered

13  for sentencing purposes affecting the defendant, that I wanted

14  the response from counsel for both sides.  So we can address

15  the latter first or go in whatever order you want to proceed.

16         MR. CONSIGLIO:  Yes, your Honor.  First -- we'll go

17  with the latter first because that's probably the easiest.  As

18  the Court indicated, there was I believe letters that were at

19  issue that the media had asked for access to.  The Court had

20  asked for the parties' position on disclosure of those letters.

21         THE COURT:  I stand to be corrected, but I think the

22  letters that we've had in our possession relate to filings I

23  believe several years ago --

24         MR. CONSIGLIO:  Yes.

25         THE COURT:  -- in advance of a proposed sentencing

1  date.  I'm not aware of anything filed recently.

2       MR. CONSIGLIO:  Right.  I believe those letters are

3  all from the 2009 era.

4       THE COURT:  That's right, 2009.

5       MR. CONSIGLIO:  And the defense has noted to the

6  Court that some of these letters, there are special

7  circumstances and conditions that they would not like some of

8  those letters disclosed publically, and in addition that these

9  letters are premature for being qualified as judicial records,

10 because they actually haven't been considered by the Court for

11 sentencing at this time.

12      The government's position with respect to the letters

13 is the same as it's been with respect to other similar requests

14 and other related cases, specifically United States vs.

15 Michael Toole.  The Court first needs to make a determination

16 whether these letters are judicial records.  And second, if

17 they are judicial records the Court needs to make a balance of

18 the various factors in the law, whether they qualify for First

19 Amendment disclosure or whether there's a common law privilege

20 for disclosure of such judicial records.

21      At this stage, from having spoken with defense

22 counsel, I believe they are in the process of getting some of

23 these letters back or getting them back before they become

24 judicial records for the Court's consideration, and reviewing

25 these letters under that legal authority so they can make

1  appropriate determinations on disclosure to the public in light

2  of the status of judicial records.

3          So, I believe that issue actually is premature at

4  this stage until there actually are letters that are going to

5  be submitted to the Court for its actual consideration in

6  sentencing.

7          THE COURT:  That's correct.  Prior to the sentencing

8  in 2009, which didn't occur, those letters were filed, and the

9  Court had no reason to examine those letters because there was

10 no sentencing.

11         We will be having a sentencing date in the near

12 future, hopefully, and any letters that we have we will examine

13 prior to sentencing, and I'll just wait for a response from the

14 defense, okay?

15         MR. ZINN:  Thank you, your Honor.  David Zinn on

16 behalf of Mr. Mericle.  We -- the defense did submit letters

17 four years ago in anticipation of a sentencing at that time.

18 Our plan now, in light of the passage of time, would be to

19 submit a new package of letters.  Some of the letters may be

20 the same as they were before, some are likely to be updated and

21 some are likely to be new.  And so at this point in time we

22 agree with the government that the records are not judicial

23 records at this point because they haven't been presented to

24 the Court for its consideration, and we'll be updating that

25 package soon in advance of the sentencing.

1      There are likely to be in the new package, as there

2  were in the old package, some privacy considerations that some

3  of the letter writers may have in particular about personal,

4  financial or medical information that may be in some of the

5  letters, and we will identify for the Court in the submission

6  which letters may deserve to remain private in light of the

7  interest of the parties in the letters, that have written them

8  and referenced it.

9      THE COURT:  That's fair enough.  And when that time

10  comes and you have filing prior to the next sentencing date --

11  I stand to be corrected, but I always looked upon the letters

12  in favor of a defendant as if those individuals appeared as

13  character references during the sentencing hearing.  That would

14  be public.

15      MR. ZINN:  I understand, your Honor, there may be

16  some portions of some letters or some letters in there that are

17  so confidential that there may be reasons to keep the letters

18  themselves private and have the information that would be the

19  subject of the Court's decision-making at sentencing public and

20  in the form of a discussion at hearing.

21      THE COURT:  Fair enough.  We'll wait.  We'll wait

22  until you do that.

23      MR. ZINN:  Thank you, your Honor.

24      MR. CONSIGLIO:  Now, your Honor, with respect to the

25  other matter.  The Court noted that there was a series of

1  motions that were filed over the course of the last couple of

2  weeks with respect to the status of this case.  In addition,

3  the Court would note that back on January 19 of 2011 there was

4  a consent motion to amend plea agreement, which was pending

5  before this Court.  All of those motions and that motion from

6  January 19 of 2011, they have been resolved pursuant to the

7  superseding consent motion to amend the plea agreement.

8          Now, that motion was filed on the record two days ago

9  and as presented for the Court today.  And your Honor,

10  consistent with the obligations under the Federal Rules of

11  Criminal Procedure, particularly Rule 11, what we think is

12  appropriate for today's proceeding is essentially to go through

13  with the defendant the amendments to the agreement, just to

14  make sure that the defendant is acknowledging and agreeing to

15  these change in terms, and having the parties represent to the

16  Court, in open court, these change in terms, and that's

17  ultimately for the Court to accept these change in terms as

18  they are -- as occurs in a regular plea agreement.

19          In this case we already have a plea agreement, which

20  is -- and 90 percent of it remaining the same.  It's just there

21  are a variety of terms that are changed.

22          THE COURT:  Okay.  Listen, we scheduled this on your

23  government's motion for a hearing to determine whether the

24  consent motion to amend the plea agreement resulted in

25  modification of the plea, and for hearing to determine whether

1   the defendant has breached that plea agreement.

2           You're telling me that that has been resolved without

3   the necessity of a hearing?

4           MR. CONSIGLIO:  Yes, your Honor.  All those motions,

5   all the litigation dealing with before this superseding consent

6   motion to amend plea agreement, they will become mute and be

7   withdrawn by both parties once the Court accepts the

8   superseding consent motion to amend plea agreement.

9           THE COURT:  Okay.

10          MR. CONSIGLIO:  And with that in mind, what we

11  respectfully ask the Court to do, because of this Rule 11 in

12  general guilty plea context does require the defendant to be

13  taken under oath, we can either place the defendant under oath

14  at this stage or acknowledge that in previous proceedings, his

15  previous guilty plea proceeding was under oath.  Perhaps in the

16  interest of being true to what Rule 11 requires we should take

17  an oath.

18          THE COURT:  And we have the superseding consent

19  motion to amend the plea agreement.  That's been filed of

20  record, hasn't it?

21          MR. CONSIGLIO:  It has, your Honor.

22          THE COURT:  And Mr. Mericle is here.  Mr. Mericle,

23  you're aware of this consent motion to amend the plea

24  agreement?

25          DEFT. MERICLE:  Yes, I am, your Honor.

1       THE COURT:  As in the case of the last plea

2  agreement, you authorized your lawyers to negotiate those

3  changes in your behalf?

4       DEFT. MERICLE:  Yes, your Honor.

5       THE COURT:  As a matter of fact, I think you have

6  signed the changes as well as counsel, isn't that correct?

7       DEFT. MERICLE:  That's correct, your Honor.

8       THE COURT:  Okay.  And they would stand as amendments

9  to the plea agreement, and I just want to make it clear that

10  the original plea agreement stands of record except for the

11  changes that have been made.  And an important provision being

12  -- I'm not sure what the superseding consent motion does, but

13  there will be no opportunity to withdraw your plea or sentence

14  or recommendations because the Court is not completely bound by

15  the plea agreement.  You understand that?

16       DEFT. MERICLE:  I do, your Honor.

17       THE COURT:  So what do you want to talk about now?

18       MR. CONSIGLIO:  Your Honor, beyond that, and I'll --

19  just for making the record completely clear, this document, the

20  superseding consent motion to amend plea agreement changes

21  certain terms.  You've reviewed it in the general sense with

22  Mr. Mericle.  If the Court would like, I could read through

23  these amendments on the record if the Court thinks that's

24  necessary.  The defendant has had ample opportunity with

25  counsel to review these amendments in great deal.  Just to

1  summarize them in broad strokes --

2       THE COURT:  I have a copy of what you filed, and the

3  only person who executed a copy is Mr. Winning.  Are you

4  telling us that the original of what I have has been signed by

5  the lawyers as well as Mr. Mericle?

6       MR. CONSIGLIO:  Yes, your Honor.  The copy that was

7  signed, if you look at it, there were multiple signature pages

8  attached to the copy that was filed, because as you'll recall,

9  this was executed at the beginning of this week.  And we had

10 lawyers in four cities who were trying to sign this document in

11 order to get it signed and filed with the Court in time for

12 today's proceeding, we had the various signature pages that you

13 will see in the filed copy.

14      THE COURT:  Okay.  So you're satisfied with my Rule

15 11 colloquy of Mr. Mericle concerning these changes?

16      MR. CONSIGLIO:  As long as the record clearly

17 reflects that the terms of the agreement that are amended are

18 essentially as follows:  That the base offense level, absent

19 downward departure or adjustments, is an eleven.  The

20 government is going to be filing a 5K1.1 motion of at least one

21 level.  The defendant has the right to request a larger

22 downward departure motion for substantial assistance pursuant

23 to 5K1.1.  And the government reserves the right to argue

24 against a further reduction under 5K1.1.

25      The parties recommend that there will be no

1 acceptance of responsibility awarded in this case.  In

2 addition, the parties also recommend there will not be any

3 other enhancements, upward adjustments or upward departures

4 from the offense level in calculating the sentencing

5 guidelines.  The defense will be able to seek a downward

6 departure for substantial and extraordinary service and good

7 works within the community, and the government reserves the

8 right to argue against such a departure.

9        And at the time the defense will also be able to have

10 the authority to ask for a variance below the guidelines under

11 Section 3553(a).  If the defense requests for a sentence of

12 probation or home confinement, the government will take no

13 position with respect to that imposition of such sentence.  The

14 government will recommend that with a 5K1.1 motion being filed,

15 that we'll recommend a sentence at the bottom of the guideline

16 range as determined by the Court.

17        And then there's also language that explains the

18 implications for the immunity provisions in this agreement, and

19 what can be used for the determination of these motions.  In

20 particular, the immunity information can be used by the Court

21 for a determination of the downward departure motion pursuant

22 to 5K1.1 and the United States Sentencing Guidelines Section

23 1B1.8.

24        THE COURT:  Okay.  Except -- your motion asked for

25 the hearing for us to determine whether or not the plea

1  agreement was breached and whether additional offenses were

2  committed by the defendant, you're telling us that has been

3  resolved so that we don't need a hearing on that issue?

4       MR. CONSIGLIO:  Yes, your Honor, that has been

5  resolved.  The Court's acceptance of the superseding consent

6  motion, those matters are resolved.

7       THE COURT:  All right.  Does the defense wish to

8  address what he's addressed?

9       MR. ZINN:  Nothing further, your Honor.  I think Mr.

10 Consiglio has accurately summarized the terms of the

11 superseding consent motion and the amendments to the agreement.

12      MR. CONSIGLIO:  Okay.

13      THE COURT:  This has been an expensive trip for all

14 of you.  Because I expected that we would be having a hearing,

15 and now we don't need a hearing because everything is wrapped

16 up in that superseding consent motion, is that correct?

17      MR. CONSIGLIO:  That's correct.

18      THE COURT:  All right.  Next important thing will be

19 for us to set a date for sentencing.  Would you agree?

20      MR. CONSIGLIO:  Yes, your Honor.

21      MR. ZINN:  Yes, your Honor.

22      THE COURT:  All right.  Before you leave, check with

23 my case administrator, who is retiring at the end of the week.

24 But she will be able to give you a date for sentencing.  And

25 then you can file anything you want in advance of sentencing.

1  And you say you're going to be providing me with letters for

2  the Court to consider in connection with the sentencing?

3           MR. ZINN:  That's correct, your Honor.  I anticipate

4  that we'll be filing a sentencing memorandum that would outline

5  various arguments relating to the anticipated sentencing.  We'd

6  be filing along with that letters that would likely be

7  referenced in the memorandum.

8           THE COURT:  All right.  And I'm inclined to allow

9  those letters, if we considered them, to be made public.

10          MR. ZINN:  I understand, your Honor.

11          THE COURT:  Okay?

12          MR. ZINN:  And we will identify for the Court if

13 there are particular letters that have personal, medical,

14 confidential, financial information in them.

15          THE COURT:  That has nothing to do with the

16 sentencing of the defendant.

17          MR. ZINN:  I agree, your Honor.

18          THE COURT:  And I don't know that that wouldn't be

19 respected by the media, to delve into the personal lives of

20 people who are offering letters in support?

21          MR. ZINN:  I understand, your Honor.

22          THE COURT:  Do you have any --

23          MR. CONSIGLIO:  Nothing further, your Honor.

24          THE COURT:  All right.  And you have no problem with

25 what I've just stated for the record?

 1          MR. CONSIGLIO:  That appears to be consistent with

 2   the law in these matters, yeah, that's fine.

 3          THE COURT:  And the defense?

 4          MR. ZINN:  Yes, we're fine, your Honor.  As I said,

 5   having not seen the letters yet because some of them aren't

 6   written, it's hard for me to evaluate, you know, where there

 7   might be these confidentiality interests.  But we will bring

 8   that to the Court's attention, so there's no mystery about

 9   which letters involve potential privacy interests and which

10   don't.

11          THE COURT:  And I have not seen the letters either.

12          MR. ZINN:  That's correct, your Honor.

13          THE COURT:  Okay.

14          MR. ZINN:  Thank you.

15          THE COURT:  Mr. Mericle, you paid these lawyers a

16   good price to be here today.  And the government likes to be

17   here anyway.  So we'll adjourn, if there's nothing else you

18   have to bring to my attention.

19          MR. CONSIGLIO:  No, your Honor.

20          MR. ZINN:  No, your Honor.

21               (10:13 a.m., court adjourned.)

22

23

24

25

```
 1                    REPORTER'S CERTIFICATE

 2

 3        I, DIANA L. GILBRIDE, Official Court Reporter for the

 4   United States District Court for the Middle District of

 5   Pennsylvania, appointed pursuant to the provisions of Title 28,

 6   United States Code, Section 753, do hereby certify that the

 7   foregoing is a true and correct transcript of the

 8   within-mentioned proceedings had in the above-mentioned and

 9   numbered cause on the date or dates hereinbefore set forth; and

10   I do further certify that the foregoing transcript has been

11   prepared by me or under my supervision.

12

13

14                              /s/ Diana L. Gilbride
                                Diana L. Gilbride, RMR, FCRR
15                              Official Court Reporter

16   REPORTED BY:

17        DIANA L. GILBRIDE, RPR
          Official Court Reporter
18        United States District Court
          Middle District of Pennsylvania
19        P.O. Box G
          Scranton, PA  18501-0090
20

21        (The foregoing certificate of this transcript does not
     apply to any reproduction of the same by any means unless under
22   the direct control and/or supervision of the certifying
     reporter.)
23

24

25
```