UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | CRIM. NO. 3:CR-09-247 |
|---|---|---|
| | ) | |
| v. | ) | (J. Kosik) |
| | ) | |
| ROBERT MERICLE | ) | (Electronically Filed) |

GOVERNMENT'S SENTENCING MEMORANDUM

I. PROCEDURE

On September 2, 2009, Defendant Robert Mericle entered a guilty plea pursuant to a written plea agreement (Doc. 3) to the offense of misprision of a felony, a violation of Title 18, United States Code, Section 4 (Doc.1). Subsequently, the government and the defendant entered into a superseding consent motion to amend the plea agreement. (Doc. 40.) On February 26, 2014, the court questioned the defendant regarding the superseding consent motion and accepted the amendment. Robert Mericle is presently scheduled for sentencing on April 25, 2014.

II. DISCUSSION

Proper sentencing procedure is a three-step process. First, the district court must make a determination of the sentencing guideline range. *Gall v. United States*, 552 U.S. 38, 50 (2007); *United States v. Wise*, 515 F.3d 207, 216 (3d Cir. 2008); *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). Second, the court must resolve any requested departures from the sentencing guidelines. *United States v. Wise*, 515 F.3d at 216; *United States v. Gunter*, 462 F.3d at 247. Finally, the sentencing judge is required to fashion a sentence after making an individualized assessment of the defendant and considering all of the 18 U.S.C. § 3553(a) factors. *Gall*, 552 U.S. at 50; *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).

### A. STEP ONE: GUIDELINE CALCULATION

With respect to step one of the sentencing process, it is uncontested that the defendant is a criminal history Category I. (PSR ¶61.) It is also uncontested that the total offense level is as follows:

```
Base Offense Level - U.S.S.G. §2X4.1(a)                          11
Adjustment for Acceptance of Responsibility – U.S.S.G. §3E1.1(a)  0
Adjustment for Obstruction of Justice – U.S.S.G. §3C1.1         + 0
     Total Offense Level                                         11
```

(Doc. 40)(PSR ¶¶57, 61, 63, 64.)

For purposes of step one, the resulting sentencing guideline range is 8-14 months. (PSR ¶96.)

## B. STEP TWO: DEPARTURES FROM THE GUIDELINES

The defense has indicated that it intends to make a request of the court to either *depart* or *vary* from the defendant's sentence due to his charitable works. See, *United States v. Fumo*, 655 F.3d 288, 318 (3d Cir. 2011); *United States v. Serafini*, 233 F.3d 758, 773 (3d Cir. 2000). It is unclear at the time of this filing whether the defense is going to proceed with this request as a departure, which is addressed in the second stage of the sentencing process, or as a variance, which is considered in the third stage of the sentencing process. *United States v. Vampire Nation*, 451 F.3d 189, 197 (3d Cir. 2006); *United States v. Gunter*, 462 F.3d 237, 247 fn.10 (3d Cir. 2006)("As an aside, our Court has previously stated that we distinguish between traditional departures based on a specific Guidelines provision [step 2] and sentencing variances from the Guidelines that are based on *Booker* and the §3553(a) factors [step 3].")

The Sentencing Guidelines discourage public service and good works as a basis for a downward departure. See, U.S.S.G. §5H1.11. The

Third Circuit has held that departures for good works should only occur when the good works are exceptional:

> "Exceptional" works involve acts that are both "substantial" and "personal" in nature. They are evaluated with reference to the offender's wealth and status in life. More is expected of those who enjoy sufficient income and community status, as ... they have the opportunities to engage in charitable and benevolent activities. Notably, in passing the PROTECT Act (which stands for "Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today"), Pub.L. No. 108-021, in 2003, Congress has expressed a disinclination towards leniency for white collar criminals ... and its frustration with the fact that these defendants receive probation more often than other offenders who commit crimes of comparable severity. For this reason, "exceptional," as applied to charitable works, is a hard standard to meet, and thus it is applied in very few cases.

*United States v. Ali*, 508 F.3d 136, 149 (3d Cir. 2007)(citations and quotations omitted).

If the defendant's good works are raised as grounds for a variance, the district court has greater discretion to consider the evidence. *Fumo*, 655 F.3d at 318-19 ("While we need not decide whether a departure based on good works could be applied here, it is undeniable that a district court has more discretion in imposing a variance, where the substance of the sentence is only subject to substantive reasonableness review.")

After the defense request has been made, whether it is in the form of a departure or variance, the government will appropriately respond.

Finally, with respect to step 2, the government has filed a motion for downward departure pursuant to U.S.S.G. §5K1.1. Because this information concerns the defendant's substantial assistance to authorities, it has been filed under seal. As was reported to the court in the superseding consent motion (Doc. 40) and during the proceeding on February 26, 2014, the government recommends a one-level reduction of his total offense level. (Doc. 40, ¶2). The facts and arguments supporting a one-level reduction are fully outlined in the motion.

As noted above, the guideline range as determined by step 1 is 8-14 months. One-level below that range is a guideline range of 6-12 months. If this court were to grant a one-level downward departure for substantial assistance to authorities, this court would have to explain -- through reference to Section 3553(a) factors -- any sentence below six months (the bottom of the new range) or above eight months (the bottom of the previous guideline range of eight months). *See United States v. Floyd*, 499 F.3d 308, 312-13 (3d Cir. 2007)("The Court, for

example, could have departed below the [guideline] range (step 2), and then varied upward within the range by balancing the §3553(a) factors (at step 3).") So, with a one level reduction, the sentencing guideline range will be six to eight months. Whatever sentencing guideline the court finds, the government recommends that the court impose a sentence at the bottom of that sentencing guideline range.

## C. STEP THREE: BALANCING SECTION 3553(a) FACTORS

The final step in the sentencing process is the balancing of the section 3553(a) factors. These factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed -
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established …

(5) any pertinent policy statement …

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a).

During the third stage of the sentencing proceeding, the district court is required to not only balance these factors but to create a sufficient record for an appeals court to have confidence that it has considered these factors. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). While the record does not have to address every possible argument, "a colorable argument about the applicability of one of the §3553(a) factors" should be addressed. *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010).

> (1) **The nature and circumstances of the offense and the history and characteristics of the defendant.**

The Presentence Report accurately notes the nature, circumstances, and seriousness of the underlying offense. Any corruption of the judiciary -- particularly involving the adjudication and commitment of juveniles -- is rightfully of the highest concern for the United States, the public, and this court. The seriousness of the conduct of the public officials was reflected by the substantial sentences this

court imposed upon former Luzerne County Common Pleas Judges Marc A. Ciavarella, Jr., (28 years) and Michael T. Conahan (17½ years). On multiple occasions during the investigation, the defendant concealed his knowledge regarding the illegal scheme, which nearly resulted in the investigation moving in other directions. While his subsequent disclosures assisted authorities in solving this case and prosecute those involved in this corrupt scheme, his substantial assistance has been accounted for in the downward departure motion.

When balancing the negative impact of his criminal conduct, the law allows the court to consider the positive impact his good works have had on the community. *Fumo*, 655 F.3d at 318. The defense has promised to present to this court evidence of his long-standing and substantial commitment to the social, economic, and cultural interests of the community. The court should consider this evidence when fashioning a sentence. However, while they have been extensive, we do not believe they should be allowed to excuse his criminal conduct or blind us to it. A defendant with his resources is always in a position to do much good, especially financial good, for the community. However,

the good works should not appear as a shield or cloak to avoid the consequences of criminal conduct.

(2) **The need for the sentence imposed.**

Whatever sentence the court imposes should not require the defendant to undergo any special training, counseling or medical treatment as is sometimes the circumstance. 18 U.S.C. §3553(a)(2)(D). The defendant has demonstrated that he is a successful businessman who survived the impact of financial downturn that coincided with his entry of a guilty plea in this case. He will undoubtably continue to develop his business ventures during and/or after completion of whatever sentence this court imposes without the assistance of training from federal authorities. While it is likely -- and almost necessary considering his industry -- that the defendant will interact with public officials in the course of his business, the public nature of the current offense and the degree of public scrutiny attached to his ventures suggests that he has a lesser risk of recidivism for this type of offense when compared to other offenders this court sentences.

With respect to the remaining factors, there is clearly a need to punish and a need to deter other offenders. A failure to appropriately

punish would create an intolerable incentive for others to mislead government officials when investigating criminal conduct, especially in substantial matters of public integrity. Likewise, a failure to provide a benefit -- to those who initially mislead but later choose to assist the government -- would likewise create a disincentive to cooperation with the government.

### (3) The kinds of sentences available.

This court is authorized by law to impose a probationary sentence, a sentence of home confinement, or a sentence of incarceration.

### (4) The kinds of sentence and sentencing range established.

The sentencing guideline range is 8 to 14 months but may change if the court grants the government's motion for downward departure and/or the defense request for departure for charitable works.

### (5) Any pertinent policy statement.

While various policy statements are possibly applicable to this sentencing, no specific policy statements appear to directly relate to the sentencing which should alter this courts standard balancing of section 3553(a) factors.

> (6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Co-defendant Marc A. Ciavarella, Jr., was an elected official for the Luzerne County Court of Common Pleas and convicted after a jury trial of racketeering (18 U.S.C. §1962(c)), conspiracy to commit racketeering (18 U.S.C. §1962(d)), money laundering conspiracy (18 U.S.C. §, 1956(h)), taking bribes and kickbacks in breach of his duty of honest services to the public (18 U.S.C. §§ 1341, 1346) and other offenses. *United States v. Ciavarella*, 3:09-CR-272. This court sentenced him to 28 years of incarceration.

Co-defendant Michael T. Conahan, also an elected judge, entered a guilty plea to conspiracy to commit racketeering, 18 U.S.C. §1962(d). This court sentenced him to 210 months in prison. *United States v. Michael T. Conahan*, 3:09-CR-272.

Co-defendant Robert Powell, a participant in the scheme and individual who cooperated extensively with the government, entered a guilty plea to misprision of a felony to the crime of Honest Services Fraud (18 U.S.C. §4), as well as accessary after the fact to a conspiracy to file false tax returns (18 U.S.C. §3). He was the recipient of a five-

level downward departure motion and was sentenced to 18 months incarceration. *United States v. Robert J. Powell*, 3:09-CR-189.

**(7) The need to provide restitution to any victims of the offense.**

The defendant has settled civil law suits arising from this case and no request for additional financial restitution has been reported. Also, the defendant contributed $2,150,000 for the health, safety and general welfare of children of Luzerne County. While it does not appear that the need for financial restitution to victims should be factored into the sentencing in this case, the Government must note that there is no way that any financial restitution can ever fully compensate the victims for what happened.

## III. CONCLUSION

For the above identified reasons, the government respectfully requests that the court consider the above referenced authority and argument when fashioning a sentence. Finally, consistent with our obligations under the plea agreement, the government recommends that the defendant receive a sentence at the bottom of whatever sentencing guideline range the court finds.

                                        Respectfully submitted,

PETER J. SMITH
United States Attorney

/s/ Michael A. Consiglio
/s William S. Houser
/s/ Gordon A.D. Zubrod
MICHAEL A. CONSIGLIO
WILLIAM S. HOUSER
GORDON A.D. ZUBROD
Assistant U.S. Attorneys
Office of the U.S. Attorney
Room 311
William J. Nealon Federal Building
Scranton, PA 18503
570-348-2800